IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALLIED PROPERTY & CASUALTY<br>INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD McKINLEY, et al.<br><br>Defendants. | Case No. 08-0537-CV-W-NKL |

**ORDER**

Plaintiff Allied Property and Casualty Insurance Company ("Plaintiff") filed this action, seeking a declaration that it is not obligated under an insurance policy to defend or indemnify Defendant Richard McKinley ("Richard McKinley") and Defendant Tina McKinley ("Tina McKinley") for claims against them in a related lawsuit. Before the Court is Tina McKinley's Motion to Dismiss [Doc. # 34]. For the following reasons, the Court denies the motion.

**I.    Factual Background**[1]

In 2005, Defendant Theodore White ("White") filed a Complaint in this Court in a separate lawsuit against Richard McKinley and Tina McKinley, Case Number 05-0203-CV-W-NKL. In that Complaint, White sought compensatory and punitive damages arising out of Richard McKinley and Tina McKinley conspiring to deprive him of a fair trial concerning

---

[1] For purposes of this motion to dismiss, the Court assumes true the facts stated in Plaintiff's Complaint.

allegations that White sexually molested Tina McKinley's daughter, who was also the adopted daughter of White.

The alleged molestation and the subsequent investigation performed by Richard McKinley occurred in the years 1996 through 1999. Plaintiff provided a homeowner's insurance policy ("Policy") to Richard McKinley and Tina McKinley from January 31, 2003 to January 31, 2004.

Plaintiff denied that the Policy obligated it to defend or indemnify Tina McKinley with regard to White's lawsuit. However, Plaintiff provided a defense to Tina McKinley under a reservation of rights until coverage issues could be resolved through a declaratory judgment action. Plaintiff filed this action in July 2008. The Court judicially notices the August 2008 jury verdict and judgment against Richard McKinley and Tina McKinley in White's lawsuit against them. After Plaintiff filed this case, the jury in White's lawsuit awarded White $14 million in compensatory damages, $1 million in punitive damages against Richard McKinley, and $1 million in punitive damages against Tina McKinley.

Plaintiff seeks a declaration that the Policy does not cover Richard McKinley and Tina McKinley. In December 2008, the Court granted Plaintiff's motion for default judgment against Richard McKinley.

## II. Discussion

Tina McKinley filed a three-page motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. She argues that Plaintiff already provided her a defense in White's lawsuit against her. She states that Plaintiff also paid to White the full Policy

limits of $500,000 on her behalf. She says that this payment was part of a settlement agreement under which White agreed (1) not to seek satisfaction of his judgment against Tina McKinley's personal assets, and (2) to seek satisfaction of his judgment only out of available insurance coverage other than the coverage provided by the Policy. Therefore, according to Tina McKinley, Plaintiff does not have a justiciable controversy against Tina McKinley and Plaintiff's claim should be dismissed. Tina McKinley does not cite to any authority or documentation in support of her motion and did not file a reply brief.

Though Tina McKinley states that she brings her motion under Rule 12(b)(6), the motion turns on matters outside the Complaint – namely, the purported settlement agreement. Consideration of such matters would convert the motion into one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 948 (8th Cir. 1999); Fed. R. Civ. P. 12(d). Under either Rule 12(b)(6) or Rule 56 standards, the motion must be denied.

To survive a Rule 12(b)(6) motion, Plaintiff need only have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). 28 U.S.C. § 2201 allows claims for declaratory judgment regarding parties' rights and obligations in cases of actual controversy. *See id.*; Fed. R. Civ. P. 57. Whether a controversy "is of sufficient immediacy and reality to permit a declaratory judgment is a question of degree." 10B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 2757 (1984). White's lawsuit against Tina McKinley creates an immediate and real need to determine Plaintiff's obligations towards Tina

3

McKinley: White has a present judgment against her and litigation of his lawsuit continues. Plaintiff has stated a claim for declaratory relief. As such, Tina McKinley's motion to dismiss must be denied.

Even if the Court were to convert Tina McKinley's motion to dismiss to one for summary judgment under Rule 56, it could not grant the motion. The Court is aware that, in White's lawsuit against Tina McKinley, there has been discussion of a partial settlement. *See, e.g.,* Doc. # 403 (motion to grant settlement credit), Case Number 05-0203-CV-W-NKL. However, Tina McKinley has not directed the Court to any evidence – either in this case or White's lawsuit – that such a settlement somehow binds or releases Plaintiff from obligations to her, particularly with regard to a duty to defend. There remain questions of fact concerning Plaintiff's obligations to Tina McKinley under the Policy. *See* Fed. R. Civ. P. 56, 2007, advisory committee note ("It is established that . . . there is no discretion to enter summary judgment when there is a genuine issue as to any material fact.").

## III. Conclusion

Accordingly, it is hereby ORDERED that Tina McKinley's Motion to Dismiss [Doc. # 34] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: February 23, 2009
Jefferson City, Missouri