IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| ALLIED PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-0537-CV-W-NKL |
| RICHARD McKINLEY, et al. | ) ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Allied Property and Casualty Insurance Company ("Plaintiff") filed this action, seeking a declaration that it is not obligated under an insurance policy to defend or indemnify Defendant Tina McKinley ("Tina McKinley") or Defendant Richard McKinley ("Richard McKinley") for claims against her in a related lawsuit. Before the Court is Plaintiff's Motion for Summary Judgment [Doc. #47]. For the following reasons, the Court grants the motion.

**I.    Factual Background**[1]

In 2005, Defendant Theodore White ("White") filed a Complaint in this Court in a separate lawsuit against Tina McKinley, Case Number 05-0203-CV-W-NKL. In that Complaint, White sought compensatory and punitive damages arising out of Richard McKinley and Tina McKinley involvement in a criminal prosecution against White for

---

[1] In considering Plaintiff's motion, the Court has drawn all inferences in favor of Tina McKinley, the pro se non-movant.

sexually molesting Tina McKinley's daughter. The alleged molestation and the subsequent investigation performed by Richard McKinley occurred in the years 1996 through 1999. White was convicted on molestation charges in 1999, but was later acquitted.

Plaintiff provided a homeowner's insurance policy ("Policy") to Richard McKinley and Tina McKinley from January 31, 2003 to January 31, 2004. The Policy provided property and liability insurance with limits of $500,000.

The Policy provides various definitions. For purposes of the Policy, an "occurrence" is "an accident . . . which results, during the policy period, in a. Bodily Injury; or b. Property Damage."

Plaintiff denied that the Policy obligated it to defend or indemnify Tina McKinley with regard to White's lawsuit. However, Plaintiff provided a defense to Tina McKinley under a reservation of rights until coverage issues could be resolved through a declaratory judgment action. Plaintiff filed this action in July 2008. After Plaintiff filed this case, in August 2008, the jury in White's lawsuit awarded White $14 million in compensatory damages, $1 million in punitive damages against Richard McKinley, and $1 million in punitive damages against Tina McKinley. The judgment against Tina Mckinley was limited to White's claim that Tina McKinley deprived White of his federal constitutional right to a fair trial.

2

Tina McKinley has admitted the following:[2] (1) no coverage exists under the Policy for the claims asserted in White's lawsuit; (2) the actions from which White seeks to recover occurred before January 31, 2003; (3) the jury in White's lawsuit found Tina McKinley's actions in conspiring to deprive White of a fair trial were not accidental; (4) her actions in conspiring to deprive White of a fair trial caused an expected or intended injury to him; (5) her actions in conspiring to deprive White of a fair trial violated a penal law of the State of Missouri.

In December 2008, the Court granted Plaintiff's motion for default judgment against Richard McKinley. The case has proceeded against Tina McKinley, who is now pro se.

## II. Discussion

The sole issue on summary judgment is whether Plaintiff has a duty to indemnify Tina McKinley. Plaintiff argues that it is entitled to summary judgment because (1) Tina McKinley's conspiracy to deprive White of his constitutional right to a fair trial occurred well-before the Policy period, (2) that conspiracy was not an "occurrence" within the meaning of the Policy, and (3) the conspiracy did not cause White "bodily injury" or "property damage" within the meaning of the Policy.

### A. Tina McKinley's Argument

---

[2] Plaintiff served requests for admission on Tina McKinley in February 2009. She did not respond. Though Tina McKinley now generally denies the requested admissions in response to Plaintiff's statement of undisputed facts (supported by the requests for admission), she provides no evidence controverting them. Pursuant to Rule 36(a)(3) of the Federal Rules of Civil procedure, the matters set out in the requests for admission are admitted.

3

Tina McKinley raises one, two-paragraph argument in response to Plaintiff's motion for summary judgment. She concedes that Plaintiff has no duty to indemnify her but argues that its claim for declaratory judgment is moot. She states that the Court need not consider whether to grant Plaintiff's motion for summary judgment based on the arguments raised by Plaintiff; rather, she states that the Court should enter a judgment declaring that the Policy limits have been exhausted such that Plaintiff has no further duty to indemnify or defend her in White's lawsuit. As a basis for such a judgment, she states that Plaintiff has already paid the Policy limits on her behalf. She argues that this extinguished the duty to defend and, thus, the duty to indemnify. *See generally American States Ins. Co. v. Herman C. Kempker Constr. Co., Inc.*, 71 S.W.3d 232, 236 (Mo. App. Ct. 2002) ("Where there is no duty to defend, there is no duty to indemnify.") (citation omitted).

The Court is aware that, in White's lawsuit against Tina McKinley, there has been discussion of a partial settlement. *See, e.g.,* Doc. # 403 (motion to grant settlement credit)*,* Case Number 05-0203-CV-W-NKL. However, Tina McKinley has not directed the Court to any evidence – either in this case or White's lawsuit – establishing that Plaintiff has paid the Policy limits as part of that settlement so as to extinguish its duties under the Policy. The Court cannot enter judgment based on payment of the policy limits.

**B.     Policy Period**

Plaintiff argues that any event for which Tina McKinley could seek coverage under the Policy occurred prior to the Policy's January 31, 2003, effective date. "[T]he time of the occurrence of an accident within the meaning of an indemnity policy is . . . the time when the

4

complaining party was actually damaged." *Shaver v. Insurance Co. of North Am.*, 817 S.W.2d 654, 657 (Mo. App. Ct. 1991). In order to trigger coverage, that damage must have taken place within the policy period. *See Hawkeye-Security Ins. Co. v. Iowa Nat'l Mut. Ins. Co.*, 567 S.W.2d 719, 720 (Mo. App. Ct. 1978).

No Missouri case addresses when a triggering date occurs for coverage on a claim for conspiracy to deprive of a fair trial. However, the Court finds instructive the case of *Hampton v. Carter Enterprises, Inc.*, 238 S.W.3d 170 (Mo. App. Ct. 2007), which considered the triggering date for purposes of coverage on a malicious prosecution claim. *Id.* at 176-77. The *Hampton* court noted that the offense of malicious prosecution is committed when the judicial process is maliciously invoked without probable cause, causing the victim's injury. *Id.* at 177. While noting the continuing nature of conduct constituting malicious prosecution, the *Hampton* court concluded that the "triggering date for coverage should be limited to the date on which the party first continued the malicious prosecution." *Id. See also Nationwide Ins. Co. v. Central Missouri Elec. Coop., Inc.*, 278 F.3d 742, 747 (8th Cir. 2001) (predicting that Missouri courts would consider one of the following as a triggering date for insurance coverage: when damage first occurs, or when exposure to injury-causing conditions first occurs).

The risk involved in committing malicious prosecution is similar to the risk involved in conspiring to deprive one of a fair trial. Applying *Hampton* to this case, the triggering date for coverage would be the date on which Tina McKinley first conspired against White. At the latest, White was damaged when he underwent an unfair trial and was convicted in

5

1999, several years before the 2003 effective date of the Policy. As such, that damage could not trigger coverage under the Policy.

Because the injury at issue occurred outside the Policy period, Plaintiff has shown as a matter of law that it has no duty to indemnify Tina McKinley for her liability in White's lawsuit. The Court does not reach Plaintiff's other arguments.

III. **Conclusion**

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment [Doc. # 47] is GRANTED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: August 5, 2009  
Jefferson City, Missouri